IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

KRISTI PREESE, as next friend and Power of Attorney
for her mother, Mary Johnson,

        Plaintiff,

v.

WESTMINSTER MEDICAL INVESTORS, LLC,
a Tennessee Limited Liability Company, and
LIFE CARE CENTERS OF AMERICA, INC.,
a Tennessee Corporation,

        Defendants.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Westminster Medical Investors, LLC, and Life Care Centers of America, Inc. ("Defendants") hereby file this Notice of Removal from the District Court, County of Adams, Colorado to the United States District Court for the District of Colorado. The grounds for removal are as follows:

**I.     THE STATE COURT ACTION**

1. On February 4, 2015, Plaintiff filed the instant case in the District Court, County of Adams, Colorado captioned *Kristi Preese, as next friend and Power of Attorney for her mother, Mary Johnson v. Westminster Medical Investors, LLC, a Tennessee Limited Liability Company, and Life Care Centers of America, Inc., a Tennessee Corporation*. The case was assigned Case No. 2015CV30173. Attached as **Exhibit 1** is a copy of all state court pleadings, including the process, pleadings, and orders served upon Defendant.

2. The allegations in the Complaint relate to the provision of long-term care to Mary Johnson. The Complaint alleges a cause of action for negligence. *See* Compl. ¶¶ 35-38.

3. This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As set forth below, complete diversity exists between the parties, the amount in controversy exceeds $75,000, and the procedural requirements for removal are satisfied.

## II. COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

4. On information and belief, Plaintiff is a citizen of Colorado, and was a citizen of Colorado at the time the action was filed. *See* Compl. at 6 (listing Plaintiff's address); *Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006) (stating that an individual's citizenship is equivalent to his or her domicile).

5. Defendants are, and at the time of the filing of this action were, a Tennessee limited liability company and a Tennessee corporation, respectively. *See* Compl., ¶¶ 2-3; Answer, ¶¶ 2-3.

6. A limited liability company is a citizen of each state in which its members, including general and limited partners, hold citizenship. *See Enserco Energy, LLC v. Baugues*, No. 14 Civ. 1548 (RBJ), 2014 WL 3767060 at *2 & n.2 (D. Colo. 2014); *Burge v. Sunrise Medical (US) LLC*, No. 13 Civ. 2215 (PAB) (MEH), 2013 WL 6467994 at *2 (D. Colo. 2013); *see also Conagra Foods, Inc. v. Americold Logistics, LLC*, --- F.3d ----, 2015 WL 328166 at *2-4 (10th Cir. Jan. 27, 2015).

7. Defendant Westminster Medical Investors, LLC is a citizen of Tennessee because the two members of Defendant Westminster Medical Investors, LLC, are the following:

· Forrest L. Preston: Mr. Preston is domiciled in Tennessee. He resides in the state of Tennessee. At this time, he has no intention to move. As such, he is a citizen of

2

Tennessee. *Smith*, 445 F.3d at 1259-60; *see also* Affidavit of Cindy Cross ("Cross Aff."), attached as **Exhibit 2**, at ¶ 5.

- Developers Investment Company, Inc.: Developers Investment Company, Inc. is incorporated in the state of Tennessee and maintains its principle place of business at 3570 Keith Street NW, Cleveland, TN. Therefore, Developers Investment Company, Inc., is a citizen of Tennessee. *Burge*, 2013 WL 6467994 at *2; *see also* Cross Aff, ¶ 6.

8. A corporation has dual citizenship for purposes of diversity jurisdiction. It is a citizen of the state of incorporation and the state where it has its principal place of business. *See Edward v. Dubrish*, No. 07 Civ. 2116 (REB) (KMT), 2009 WL 1683989, at *9 (D. Colo. June 15, 2009) (citing 28 U.S.C. § 1332(c)(1)); *Zimmerman Metals, Inc. v. United Engineers & Construction, Inc., Stearns-Roger Div.*, 720 F. Supp. 859, 861 (D. Colo. 1989).

9. Here, Defendant Life Care Centers of America, Inc. is incorporated in the State of Tennessee, and likewise maintains its principal place of business in Tennessee. *See* Cross Aff., ¶ 7. Accordingly, for purposes of diversity, Defendant Life Care Centers of America, Inc. is a citizen of Tennessee.

## III. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

10. For diversity to exist, the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a).

11. As a threshold matter, Plaintiff has conceded that the amount in controversy requirement is satisfied. Specifically, in her Complaint, Plaintiff alleges that "the damages claimed herein exceed $100,000." Compl. at 6. Plaintiff's admission should control determination of this issue. *See, e.g.*, *Thompson v. F.W. Woolworth Co., Inc.*, 352 F. Supp. 1032, 1033 (N.D. Miss. 1972) (finding averment in complaint "sufficient to sustain the jurisdiction of the court as regards the amount in controversy").

3

12.     Moreover, it is clear from the allegations in the complaint that the amount in controversy exceeds $75,000. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (finding that the alleged facts and theories of recovery "may support a claim in excess of $75,000").[1] Plaintiff alleges that Defendants "negligently performed [a] fall risk evaluation" on Ms. Johnson. Compl. ¶ 16. This purported negligence, according to Plaintiff, led to mismanagement of Ms. Johnson and a series of injuries, which allegedly includes the failure to implement a care plan that included reasonable and appropriate fall precautions and inadequate nursing care. *Id.* ¶¶ 17-20. During the course of her stay, Ms. Johnson claims to have fallen and injured her arm. *See id.* ¶ 21. On a separate occasion, Ms. Johnson claims to "heard a loud snap or crunch" in her pelvic area, and was subsequently diagnosed with a hip fracture and underwent a partial hip replacement followed by extensive rehabilitation. *See id.* ¶¶ 27-33.

13.     As a result of Defendants' purportedly negligent actions or omissions, Plaintiff claims that her mother "has suffered and will continue to suffer pain and suffering, upset, loss of functional ability and permanent impairment and disfigurement." Compl., ¶ 34. Plaintiff also claims that her mother "has incurred significant past, current, and future medical and rehabilitation bills." *Id.*

14.     The allegations of the Complaint indicate that Plaintiff seeks purported damages in excess of $75,000, thereby satisfying the amount-in-controversy requirement for diversity jurisdiction. *See, e.g., McPhail*, 529 F.3d at 955-56 (approving of removal where plaintiff sought damages for "property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and . . . temporary inability to do housework");

---

[1] Although the amount in controversy exceeds $75,000, Defendants contest the merits of Plaintiff's allegations, as demonstrated by their pleadings.

*Gutierrez v. Kimzey Casing Serv., LLC*, No. 10 Civ. 1064 (CW), 2011 WL 810131 at *1 (D. Utah Mar. 1, 2011) (reasoning that there are "cases in which it is appropriate for a court to look at the allegations in a complaint that does not specify how much is being sought and nonetheless conclude that over $75,000 is at issue," and citing wrongful death cases as an example); *see also Davis & Assocs., PC v. Westchester Fire Ins. Co.*, No. 10 Civ. 3126, 2011 WL 4479487, at *4-5 (D. Colo. Sept. 26, 2011) (finding that the amount in controversy requirement was met by legal malpractice allegations in a complaint).

## IV.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

13.   Plaintiff commenced this action on February 4, 2015 and served Defendants on February 5, 2015. *See* Service of Process Transmittal (Ex. 1). This Notice of Removal is therefore timely filed within 30 days of receipt of the initial pleading and within one year of the commencement of the action. *See* 28 U.S.C. § 1446(b) and (c).

14.   Removal to the District of Colorado is proper under 28 U.S.C. §§ 1332 and 1441(a) because the District Court, County of Adams, Colorado is within the District of Colorado.

15.   Written notice of the removal of this action will be promptly served upon Plaintiff's counsel, and a Notice of Filing of Notice of Removal is simultaneously being filed with the Clerk of the District Court, County of Adams, Colorado. A copy of the Notice of Filing of Notice of Removal is attached as **Exhibit 3**.

## V.   CONCLUSION

WHEREFORE, Defendants Westminster Medical Investors, LLC, and Life Care Centers of America, Inc. hereby remove the above-captioned action from the District Court, County of

Adams, Colorado, and request that further proceedings be conducted in this Court as provided by law.

Dated: March 6, 2015.                    Respectfully submitted,

*s/ Michele O. Choe*
Kevin J. Kuhn (#10965)
Michele On-ja Choe (#43656)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:    303.244.1800
Facsimile:    303.244.1879
Email:  kuhn@wtotrial.com
             choe@wtotrial.com

Attorneys for Defendants Westminster Medical Investors, LLC, and Life Care Centers of America, Inc.

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on March 6, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- Jerome Reinan
  jreinan@reinanlaw.com

- Jordana Griff Gingrass
  jgingrass@reinanlaw.com

- Jeremy I. Pollack
  jpollack@reinanlaw.com

*s/ Michele O. Choe by Donna Simonsen*